(No. 806—Claim denied.)

M. A. Dunning, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 9, 1926.*

Respondeat superior—*State not liable.* The State is not liable for the
negligence of its employees.

Independent contractor—*State not liable for acts of.* The State is not
liable for the torts or negligence of an independent contractor engaged in
the construction of a part of its hard road system.

Shaw & Huffman, for claimant.

Oscar E. Carlstrom, Attorney General; Frank R. Eagle-
ton, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This claim is for injuries received by claimant in an auto-
mobile accident on Section 14 of State Highway Number 1 in

Lawrence county. The accident occurred December 3, 1923. The section of the highway where it occurred was then under construction but the pavement had not yet been put down and the road had not been accepted and taken over by the State for maintenance.

Claimant is an oil driller and had been working at a well about five miles south of Lawrenceville on the day of the accident. Between five and six o'clock in the evening he started to Lawrenceville in his car. It was raining and dark, and water was over the road. There was a hole, or small washed out place, in the road-bed near a concrete culvert over which claimant had to pass and the wheels of his car dropped into this hole and the car was overturned into a pool of water by the roadside. Claimant was caught under the steering wheel and held there under the water until he was rescued by some parties who happened to be near. When taken out of the water claimant was unconscious, and but for timely assistance would have drowned.

As a result of his exposure claimant alleges he contracted bronchitis and was unable to work for twenty-eight weeks; that his wages were $9 per day and that he should be paid at that rate for the time he lost from work, amounting to $1,512.00. He also alleges it cost him $75 to have his car repaired and that he paid his physicians $21, for which amounts he also asks to be reimbursed.

Section 12 of the Bond Issue act provides that the public highways upon which such roads are being constructed shall, during the construction period and continuously thereafter, be under the jurisdiction and control of the Department of Public Works and Buildings, but the duty of maintaining such highways shall rest on the local authorities until such construction work has been completed. Section 14 of State Highway Number 1 was under construction at the time these injuries were received and had not been accepted by the Department of Public Works and Buildings but was still under the jurisdiction of the local road authorities.

The facts in this case are not disputed, but the Attorney General has filed a demurrer to the declaration and contends the State is not liable for the injuries received.

The road in question was not being constructed by the agents of the State but by an independent contractor. But even if the contractor could be held to be an agent of the State, that would not make the State liable, for it is well set-

tled that the principle of *respondeat superior* does not apply to the State.

The Supreme Court of this State has held in a long line of decisions that towns and counties are not liable for damages caused by the negligence of the agents and officials of such municipalities in constructing and maintaining roads. The reason is that such municipalities are sub-divisions of the State for governmental purposes. Upon the same principle the State, being the whole body of people organized for governmental purposes, is not liable for such damages.

We are, therefore, of the opinion that the State is not liable in this case, and the demurrer will be sustained, the claim disallowed and the case dismissed.